Dear Mr. Weatherford:
You have requested the opinion of this office on the following issue:
 Does the repeal, by Act 882 of 1999, of the Louisiana insurance agent countersigning requirements in Title 22 affect the countersigning requirements in R.S. 38:2218 and elsewhere in the Public Bid Law?
Act 882 of 1999 repeals provisions which appear in several places in the Louisiana Insurance Code, Title 22 of the Louisiana Revised Statutes. The effect of these repeals is to eliminate requirements in the Insurance Code which have, until now, required that insurance policies and surety bonds issued in Louisiana be signed by a Louisiana licensed resident agent. However, Act 882 does not go outside of Title 22 in a comprehensive effort to repeal all instances where countersignature by a Louisiana licensed insurance agent may be required.
As you point out in your request, R.S. 38:2218, which deals with bid bonds in public contracts, contains such a requirement:
 B. Whenever a bid bond is required by the public entity, the bond shall be countersigned by a person who is under contract with the surety company or bond issuer as a licensed agent in this state, and who is residing in this state.
A similar requirement appears in R.S. 38:2216A(2) relating to performance bonds. Your inquiry is whether these provisions of the Public Bid Law are still valid in view of the repeal in Title 22 of resident agent countersignature requirements.
Louisiana Civil Code Articles 8 pertinently provides:
 Laws are repealed, either entirely or partially, by other laws. A repeal may be express or implied. It is express when it is literally declared by a subsequent law. It is implied when the new law contains provisions that are contrary to, or irreconcilable with, those of the former law.
These principles of statutory interpretation have been in our law since 1870 and have consistently been interpreted by our courts to severely limit repeals by implication. In Bond v. Hiestand, 20 La.Ann. 140, the court held, "The law of 1859 is a special statute . . . and cannot be considered as repealed, unless expressly, or by conflicting legislation in pari materia. . . . A particular law is not repealed by a general law, unless they be so repugnant that both cannot stand together, under any circumstance." This holding is repeated in our Supreme Court's most recent decision on point, Jordan v. Louisiana Gaming ControlBoard, 98-1134, 712 So.2d 74:
 It is well settled in the jurisprudence that repeals by implication are not favored. . . As such, a repeal by implication will be found only where there is an irreconcilable conflict between two statutes and where there exists no possible construction that could give both statutes effect.
That is not the case here. Notwithstanding the general repeal of countersignature requirements for the issuance of Louisiana insurance policies and bonds, it is not impossible to still require such countersignature for bid and performance bonds issued in connection with public contracts. Had the legislature intended to eliminate the countersignature requirements in Title 38, it would have been a simple matter to add an explicit repeal of those provisions in the 1999 Act. Not having done so, we cannot find that the requirements of R.S. 38:2216 and 2218 have been repealed by implication.
I trust that this answers your request. Please let me know if we may be of any further assistance to you in this matter.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ________________________________ GLENN R. DUCOTE Assistant Attorney General
RPI:GRD:jv